**Yu Zhu NI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–5025–AGNAC.**

United States Court of Appeals, Second Circuit.

March 1, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Denise McGinn, Assistant United States Attorneys, Central Islip, New York, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Yu Zhu Ni, through counsel, petitions for review of the BIA decision denying her

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

motion to reconsider the BIA's decision affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of Ni's motion under the abuse of discretion standard. *Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

A motion to reconsider must specify errors of fact or law and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1). Ni did not allege any errors of fact or law that were not previously raised, nor did she allege any errors of fact or law that could not have been raised before the BIA previously. Ni's motion argues that the BIA and IJ erred in rejecting her explanation for why there was incorrect information in her asylum application and household registration booklet. The BIA had already rejected Ni's arguments when she appealed the decision of the IJ. Accordingly, the BIA did not abuse its discretion in denying Ni's motion on this ground.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).